IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGELIO SALAZAR-MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-3083-G-BN |
| | § | |
| CONAGRA BAKERY – FOODS, | § | |
| | § | |
| Defendant. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND GRANTING MOTION TO EXTEND TIME**

This *pro se* employment-related action filed by Plaintiff Rogelio Salazar-Martinez has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish.

On January 23, 2018, the undersigned issued findings of fact, conclusions of law, and a recommendation that the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) [Dkt. No. 9] (the "FCR"). The FCR included the following warning concerning limitations:

> To the extent that Plaintiff brings to the Court claims he raised with the EEOC, although the recommended dismissal is without prejudice, because, absent equitable tolling, "this case cannot be timely refiled once dismissed as more than ninety days have elapsed since [Plaintiff] received [the] right-to-sue letter from the EEOC" – dated August 17, 2017 [Dkt. No. 3 at 2-3]; *see Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015) ("[W]here the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days.") – "dismissal of [this] case even without prejudice will operate as a dismissal with prejudice," *Dudley v. Dallas*

*Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted); *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)).

The period for filing an objection to these findings, conclusions, and recommendation affords Plaintiff an opportunity to respond to this limitations issue.

*Id.* at 4.

Plaintiff has now filed a motion, in Spanish, requesting an extension to allow him time to find a lawyer. *See* Dkt. No. 10. In light of the possible limitations issue outlined in the FCR, the FCR is WITHDRAWN. And Plaintiff's motion is GRANTED.

Plaintiff must, by no later than **March 2, 2018**, hire counsel – who shall file a notice of appearance by that date – ***or*** file an amended complaint as directed by the November 9, 2017 notice of deficiency [Dkt. No. 7] and file verified responses to the questionnaire issued the same day [Dkt. No. 8].

The failure of retained counsel to file an appearance by March 2, 2018 or Plaintiff's failure to file an amended complaint and verified questionnaire responses by that date will result in a recommendation that this action be dismissed without prejudice under Rule 41(b).

SO ORDERED.

DATED: January 30, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE