IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGELIO SALAZAR-MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-3083-G-BN |
| | § | |
| CONAGRA BAKERY – FOODS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* employment-related action, filed by Plaintiff Rogelio Salazar-Martinez, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

**Applicable Background**

After Plaintiff filed his complaint [Dkt. No. 3] – a single page listing seven causes of action and no facts attached to which is a dismissal and notice of rights issued by the Equal Employment Opportunity Commission ("EEOC"), as well as other documents associated (or possibly associated) with an action filed with the EEOC – the Court issued a questionnaire to determine the timeliness of this action, which required Plaintiff to file verified responses no later than December 11, 2017, *see* Dkt. No. 8, and

a notice of deficiency ("NOD") requiring that Plaintiff also file, no later than that date, an amended complaint on a provided form, *see* Dkt. No. 7. Both the questionnaire and the NOD warned Plaintiff that his failure to timely comply may result in the dismissal of his action under Federal Rule of Civil Procedure 41(b). *See* Dkt. No. 7 at 1; Dkt. No. 8 at 1.

On January 23, 2018, more one month past the deadline to answer the questionnaire and comply with the NOD, the undersigned recommended that the Court dismiss this action without prejudice under Rule 41(b). *See* Dkt. No. 9 (the "Initial FCR"). In doing so, the undersigned recognized that,

> [t]o the extent that Plaintiff brings to the Court claims he raised with the EEOC, although the recommended dismissal is without prejudice, because, absent equitable tolling, "this case cannot be timely refiled once dismissed as more than ninety days have elapsed since [Plaintiff] received [the] right-to-sue letter from the EEOC" – dated August 17, 2017 [Dkt. No. 3 at 2-3]; *see Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015) ("[W]here the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days.") – "dismissal of [this] case even without prejudice will operate as a dismissal with prejudice," *Dudley v. Dallas Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted); *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)).
>   The period for filing an objection to these findings, conclusions, and recommendation affords Plaintiff an opportunity to respond to this limitations issue.

Dkt. No. 9 at 4.

Plaintiff filed, in response to the Initial FCR, a motion, in Spanish, requesting an extension to allow him time to find a lawyer. *See* Dkt. No. 10. And, in light of the

limitations issue set out above, the undersigned withdrew the Initial FCR on January 30, 2018 and ordered the following:

> Plaintiff must, by no later than **March 2, 2018**, hire counsel – who shall file a notice of appearance by that date – ***or*** file an amended complaint as directed by the November 9, 2017 notice of deficiency [Dkt. No. 7] and file verified responses to the questionnaire issued the same day [Dkt. No. 8].
> The failure of retained counsel to file an appearance by March 2, 2018 or Plaintiff's failure to file an amended complaint and verified questionnaire responses by that date will result in a recommendation that this action be dismissed without prejudice under Rule 41(b).

Dkt. No. 11 at 2.

It is now more than one month past that deadline, and Plaintiff has yet to comply with the Court's order or otherwise contact the Court.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the

motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

As set out above, the Court has shown considerable leniency toward Plaintiff. But, by not following the Court's January 30, 2018 order or otherwise contacting the Court since entry of that order (more than two months ago), Plaintiff has again prevented this action from proceeding and thus has failed to prosecute this lawsuit (and has again failed to obey a court order). A Rule 41(b) dismissal of this lawsuit

without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to further delay the disposition of this case until such time as Plaintiff decides to comply with the Court's latest order. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

But, given the probable limitations issue, the Court should condition its dismissal without prejudice under Rule 41(b) to allow Plaintiff leave to file a motion to reopen this action on or before 30 days from the date of any order accepting these findings, conclusions, and recommendation. *Cf. Monell v. Berryhill*, No. 4:17-cv-22-O-BP, 2017 WL 3098584, at *2 (N.D. Tex. June 30, 2017) (adopting the same procedure where a Social Security appeal was dismissed without prejudice under Rule 41(b)), *rec. accepted*, 2017 WL 3086326 (N.D. Tex. July 20, 2017).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) and without prejudice to Plaintiff Rogelio Salazar-Martinez filing a motion to reopen this case on or before 30 days from the date of any order accepting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 16, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE